**Kennedy v. Erie Insurance Exchange**

*Robert E. Donatelli,* for plaintiffs.

*Boyd H. Walker,* for defendant.

DAVISON, J., September 20, 1972.—This matter is an appeal from an arbitration decision and is before

the court for determination on facts stipulated by the parties.

The minor plaintiff was injured by reason of a fall on premises insured by defendant. Plaintiffs retained John J. DeMarines, Esq., a member of the Lehigh County Bar, to pursue the recovery of damages, and he proceeded to negotiate with representatives of the defendant with a view toward amicable settlement. On September 23, 1969, plaintiff's counsel conferred with one of defendant's claim adjusters, D. W. Jones. On October 7, 1969, Jones wrote the following letter to plaintiff's counsel which the latter received on October 8, 1969:

"October 7, 1969

"DeMarines & Donatelli

"446 Linden Street

"Allentown, Pennsylvania 18102

"ATTENTION: John J. DeMarines, Esquire

"Re: A959,119—United Church of Christ—10/12/68

"Your File No. 68-355

"Dear Attorney DeMarines:

"Since my visit to your office I have reviewed this file "in detail and It is my opinion that my evaluation of "$3,500.00 in settlement of the injury to Miss Mary "Eileen Kennedy is fair and reasonable and I am "willing at this time to dispose of this claim in the "above amount. Thanking you in advance for your "kind co-operation.

"Very truly yours,

"Erie Insurance Exchange

"(Signed)     D. W. Jones

"Adjuster

"DWJ:pgc
"cc: HOOD"

On October 8, 1969, plaintiff's counsel wrote the following letter to defendant, which letter the parties stipulated was posted and deposited in a United States Mail Box on October 8, 1969:

"October 8, 1969                    68-355

"Erie Insurance Exchange
"1404 Hamilton Boulevard
"P. O. Box 26
"Allentown, Pennsylvania
"18105
"In Re: Mary Ellen Kennedy
"Your File: A959,119—United Church of Christ—
"10/12/68.
"Attn: Mr. D. W. Jones, Adjuster
"Dear Mr. Jones:

"Receipt is acknowledged of your letter dated "October 7th. Kindly send the necessary Release.

"Sincerely yours,

"John J. DeMarines

"JJDM:ijr"

The parties agreed that defendant received the above letter on October 10, 1969.

On October 9, 1969, a representative of the defendant telephoned the office of plaintiff's counsel, advising the latter's secretary that, " . . . the offer as contained in the letter of October 7th was revoked." On the same date, R. O. Merkle of defendant wrote the following letter to plaintiff's counsel, which the latter received on October 10, 1969:

"October 9, 1969

"DeMarines & Donatelli, Attorneys at Law
"446 Linden Street
"Allentown, Pennsylvania

"Re: #A959,119—United Church of Christ—
"10/12/68
"Attention: John J. DeMarines, Attorney at Law

"Dear Mr. DeMarines:

"As per my telephone conversation with your secretary on October 9, 1969, we wish to advise you that the settlement offered to you by Mr. D. W. Jones in his correspondence of October 7th in the amount of $3,500.00 is hereby rescinded. We would therefore appreciate if you would accept this as an official notice and we wish to advise you that Mr. Jones will be in touch with you in the near future to discuss this matter with you for further settlement discussion.

"Very truly yours,
"ERIE INSURANCE EXCHANGE
"R. O. Merkle
"Claims Supervisor

"ROM:vf
"cc: HOOD"

The first question relates to the legal effect of defendant's letter of October 7, 1969. After a careful study thereof, we conclude that defendant's letter of October 7, 1969, constituted an offer of settlement. An analysis of the contents of this letter would seem to indicate the considerable attention given the matter by the writer, since he states that, in his opinion, after reviewing the file following a visit to the office of plaintiff's counsel, he evaluated the case and determined the sum of $3,500 to be fair and reasonable. That an offer was intended is buttressed by the telephone call to plaintiff's counsel advising his secretary that "the offer" was revoked and further by the Merkle letter of October 9, 1972, that the "settlement offered

to you by Mr. D. W. Jones in his correspondence of October 7th in the amount of $3,500 is hereby rescinded." We hold that the letter constituted a firm offer.

The next inquiry is whether the letter of October 8, 1969, constituted an acceptance. "Acceptance of an offer is an expression of assent to the terms thereof made by the offeree in a manner requested or authorized by the offeror": Restatement, Contracts, §52. Unless the offer requires a specific method of acceptance, there are no legal requirements to the manner of acceptance and the method used by the offeror in communicating his offer is deemed to be an impliedly acceptable method. Moreover, acceptance by mail is effective to constitute a binding agreement: Restatement, Contracts, §§29, 66. As no particular words are necessary to constitute a valid acceptance of an offer, and particularly here where the dealings were between an attorney and an insurance adjuster, we believe that acceptance was effectuated by acknowledging receipt of defendant's letter and requesting a release. While in retrospect undoubtedly greater specificity would prevail were the matter to be done over, we perceive no difficulty in concluding that both parties knew precisely what the other intended.

With respect to the effect of the October 9, 1969, telephone call, it is interesting to note that such a call was made, apparently attempting to revoke what defendant now argues never was an offer. At any rate, the applicable principles are that a contract is made at the time when the last act necessary for its formation is done and at the place where the final act is done. When an acceptance is transmitted, it is operative and completed when put out of the offeree's possession regardless of whether or not it reaches the

offeror: Restatement, Contracts, §§64, 74. To be effective, revocation must be received by the offeree prior to exercise by him of his power to create a contract by acceptance: Restatement, Contracts, §41.

In Bruner Co. v. Standard Lumber Co., 63 Pa. Superior Ct. 283 (1916), the court held that an acceptance of an offer is complete where a letter is deposited in the mail so that a retraction of the offer is ineffective until communicated to the person to whom the offer is made and a revocation can take effect only if it is communicated to the other party before its acceptance. In Bruner, the purchaser telegraphed acceptance and on the very same day the seller by letter attempted to retract his offer, but since said letter was not received until three days thereafter, the court held the retraction to be ineffectual.

We agree with plaintiffs' contention, therefore, that the agreement became binding upon the mailing of the October 8, 1969, letter; hence, the October 9, 1969, telephone call was of no effect.

There remains one further issue and that is whether or not settlement could be concluded without court approval in view of the involvement of a minor plaintiff. We conclude that under the facts presented here the absence of court approval did not constitute an impediment to the parties, inter se, arriving at an amicable settlement.

## ORDER

And now, September 20, 1972, judgment is entered in favor of plaintiffs and against defendant in the amount of $3,500 with interest from October 8, 1969.